Mr. Justice SWAYNE
delivered the opinion of the court.
The suit was founded upon two promissory notes executed by Dwyer to George C. Dunbar, and by him indorsed to the defendant in error, who was the plaintiff in the court below.
Dwyer, in that court, set up, as a defeuce to the action, that he had, made a compromise and composition with his creditors, and that the plaintiff was a party to the arrangement and bound by it. The plaintiff denied that he was in anywise a party to the agreement.
• The cause was tried by a jury, and a verdict and judgment were rendered for the plaintiff! Upon the trial, Dwyer took exceptions to the ruling out of certain testimony which he *325 offered, and to the refusal of the court to give instructions which he submitted.
A bill of exceptions was taken, setting forth these rulings, and they are relied upon in this court to reverse the judgment.
"We will consider them in the order in which they are presented in the record.
1. The rejection of the letter of Smith. The letter, of itself, was clearly not evidence. There being no proof of the truth of its contents, it was within the definition of res inter alios acta. It was simply a narrative to a third person of a past transaction, in relation to which the writer was a competent witness, and gave his deposition. All that he says upon the subject of the letter is as follows :
“The letter of this affiant to Charles Russell was written in reply to said Russell wishing to know the circumstances respecting the settlement made of the Dunbar claim by me. This affiant is not acquainted with J. S. Ray or his signature.”
The letter .was properly excluded from going to the jury.
2. The ruling out of Russell’s deposition. This deposition was offered to prove the contents of the letter from Ray. The evidence was entirely secondary in its character. Without the excluded letter there was no foundation for its introduction. The ruling of the court was correct.
3. The instructions asked by the defendant below to be given to the jury were not called for by the facts of the case as disclosed in the evidence. Under the circumstances, they wrere abstractions. They had no practical application, and the court was not bound to give them.
The instruction given, which was complained of, was in conformity with the practice of the courts of the United States, when a clear case is made out.by the plaintiff and no defence, or only one clearly'invalid, is shown by the defendant. The court below proceeded upon this principle, and as the case is disclosed in the bill of exceptions, did not err in its application.
The judgment below is Affirmed with costs.

 4 Carrington & Payne, 513.